P. J. MURPHY v. CHARLES BACKER.[1]

April 21, 1897.

Nos. 10,342—(61).

**Usury—Cross-Examination of Witness.**

In an action between plaintiff, the borrower, and defendant, the lender, of money, the issue on the trial was whether or not the loan was usurious. The court permitted the defendant, against objection and exception, to be asked on cross-examination whether he had not made certain other usurious loans to other persons at other times. *Held*, it is in the discretion of the trial court whether or not it will allow cross-examination as to such collateral matters, and this court is unable to say that in this case the trial court abused its discretion.

**Same—Impeachment.**

A witness for defendant denied on cross-examination that he had stated at a certain time and place that he had borrowed money of defendant at a certain usurious rate of interest, and thereupon the court, against objection and exception, permitted the witness to be contradicted by proof that he had made such statement. *Held*, as the question related to a collateral matter, the party asking it was bound by the answer; and it was error to allow the

[1] Reported in 70 N. W. 799.

answer to be contradicted, when the evidence given to contradict the same was prejudicial to defendant.

Appeal by defendant from an order of the district court for Morrison county, Baxter, J., denying a motion for a new trial after a verdict for plaintiff for $185.50.    Reversed.

*Taylor, Calhoun & Rhodes*, for appellant.

*Lindbergh, Blanchard & Lindbergh*, for respondent.

CANTY, J.    The plaintiff mortgaged certain chattels to defendant to secure a loan of money made by the latter to the former.    There was a default in the mortgage.    Defendant took possession of the chattels and foreclosed the mortgage on the same.    This is an action of trover to recover the value of the chattels on the claim that the loan was usurious, and that therefore the mortgage was void.    Plaintiff had a verdict, and from an order denying a new trial the defendant appeals.

1. It is assigned as error that the court permitted plaintiff to cross-examine defendant as to whether or not the latter had not made certain other usurious loans to other persons at other times.    It is true that this cross-examination related to collateral matters, but whether or not such cross-examination should be allowed is within the discretion of the trial court, and we cannot say that in this case the court abused its discretion.

2. The court, against objection and exception, permitted Cook, one of defendant's witnesses, to be asked on cross-examination if he had not stated to plaintiff, at a certain time and place, that he (Cook) had borrowed money of defendant at the rate of 4 per cent. a month interest. The witness denied having made the statement, and thereupon plaintiff was called as a witness on his own behalf, and, against objection and exception, was permitted to testify that Cook had so stated.    This is assigned as error.    Cook had not, in his examination-in-chief, given any testimony as to any other loan.    Whether or not the court abused its discretion in permitting the question to be asked of him on cross-examination it is not necessary to decide, because, if the ruling was error, it was error without prejudice, as the witness denied having made the statement.    But, conceding that the court did not abuse its discretion in allowing the question to be asked of Cook, still, the question relating to a matter wholly collateral to the issues on the trial, de-

fendant was bound by Cook's answer; and it was error to allow that answer to be contradicted, when the evidence given to contradict the same might prejudice the defendant. For this error the order appealed from must be reversed, and a new trial granted.

So ordered.